## IN THE MATTER OF THE APPLICATION OF THE COMMISSIONER OF SOCIAL WELFARE FOR CARE, CONTROL, AND CUSTODY OF: S. A. F.

Family No. 727/78

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

May 2, 1984

DOUGLAS DICK, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for Department of Social Welfare*

WILLIE MCGOWEN, ESQ., Legal Services of the Virgin Islands, St. Thomas, V.I., *for A. F., the natural mother*

JEWEL COOPER, ESQ. (COOPER AND POMPER, P.C.), St. Thomas, V.I., *for S. A. F. as guardian ad litem*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

The Government of the Virgin Islands has moved to rescind the termination of the parental rights of A. F. or, in the alternative, for permission for A. F. to adopt her child.

The court by order dated March 22, 1984, emphasized the serious nature and far reaching consequences of an order terminating parental rights. As a result, it required the Government to cite authority by which this court, almost five years after the termination of parental rights, has the power to grant the relief requested. In response, the Government submitted a memorandum that for the most part cites cases that are inapplicable and that primarily concern custody disputes. Only one of the cases, Matter of Female S., 11 Misc. 2d 313, 444 N.Y.S.2d 829 (N.Y. Fam. Ct. 1981), supports the Government's position. That case relies on the theory that the court in its role as parens patriae had the authority to act in the "best interests of the child," and, therefore, vacate the termination order. This court, however, is not persuaded that the parens patriae doctrine is appropriately applicable. First, as previously stated and as expressed by the new Children's Code, 5 V.I.C. § 2550 as amended by Act No. 4855, approved September 24, 1983, termination of parental rights is a very serious act. As such, it can be accomplished

only upon clear and convincing evidence of abuse or neglect. 5 V.I.C. §§ 2502(2) and (20), 2549, and 2550, as amended by Act No. 4855.

■ Where a natural parent relinquishes her rights to a child and her parental rights are terminated by court order in accordance with the law, that order should not be vacated in the absence of newly discovered evidence or some showing that the natural mother was not fully advised of the consequences of relinquishing her rights or of the effect of the termination of her parental rights. There has been no allegation of any such circumstance in this case. Moreover, this court is persuaded that granting the relief requested would establish a very dangerous precedent and could cause one, therefore, not to fully appreciate the consequences of termination of parental rights. This is particularly so where another means of accomplishing the same end is available.

■ As the Government correctly points out, nothing under Virgin Islands law precludes the natural mother from filing a petition for adoption. Thomas v. Department of Health and Rehabilitative Services, 355 So.2d 197 (Fla. App. 1967), also supports a denial of the request to vacate the termination order and instituting proceedings under Virgin Islands' adoption laws. In Thomas, a Florida trial court dismissed the petition of a mother to regain custody of her two minor children, who were permanently committed to the state's care. In affirming the decision, the Florida District Court of Appeals said, "To allow final proceedings to be re-opened by means other than a proper appeal of the original order would be to wrench from the word 'permanent' the intended meaning in this statute," relating to permanent deprivation of parental rights. Id. at 198. As the Florida court also stated, depriving the court of jurisdiction over the child as far as the termination of parental rights is concerned did not preclude the natural mother from establishing new rights through independent adoption proceedings. Accordingly, the motion to modify this court's order terminating A. F.'s parental rights will be denied.